UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DOBSON, ET AL.                                CIVIL ACTION

VERSUS                                        NO. 06-252

ALLSTATE INSURANCE CO., ET AL.                SECTION "R"(5)

ORDER

Before the Court is defendants' motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure as to plaintiffs' claims against Gregory Ruiz. (R. Doc. 57). Plaintiffs sued Allstate Insurance Company, their homeowner's insurer, and Ruiz, their insurance agent, after plaintiffs suffered damage as a result of Hurricane Katrina. On July 21, 2006, this Court denied plaintiffs' motion to remand, finding that plaintiffs' claims against Ruiz were perempted by the terms of La. Rev. Stat. § 9:5606. *See Dobson, et al. v. Allstate Ins. Co., et al.*, 2006 WL 2078423 (E.D. La. July 21, 2006). In reaching its result, the Court concluded that plaintiffs' claims against Burghardt asserted in their state court petition were perempted by the three-year bar in Section 9:5606. *Id.* at *8.

The Court also held that it would not consider the plaintiffs' claims against Ruiz asserted in an amended complaint filed after removal in its jurisdictional analysis.  *Id.*

Plaintiffs now contend that the allegations made against Ruiz in their amended complaint state a claim under Louisiana law, and serve to defeat this motion to dismiss.  However, in *Dobson*, the Court found that even if it were to consider plaintiffs' post-removal allegations, plaintiffs could not establish a cause of action under Louisiana law against Ruiz because of the one-year bar in Section 9:5606.  *Id.* at *9.  The Court finds no reason to alter its decision.

As the Court held in *Dobson*, passive reliance on an insurance agent to spontaneously identify a client's needs and advise him as to whether he is underinsured or carries the right type of coverage is insufficient to state a claim against an agent under Louisiana law.  *Id.* at *10.  Further, mere renewals do not operate to restart peremption.  *See Biggers v. Allstate Ins. Co.*, 886 So. 2d 1179, 1182-83 (La. Ct. App. 2004); *Bel v. State Farm Mut. Auto. Ins. Co.*, 845 So. 2d 377, 382-83 (La. Ct. App. 2003).  As to plaintiffs' allegation of a misrepresentation by Ruiz in October 2004, the Court pointed out in *Dobson* that Allstate submitted an unrebutted affidavit stating that a copy of the Dobson's policy, No. 015773867, was provided to the Dobsons

on or before October 2004.  (R. Doc. 16 at Ex. A).  An insured party is generally responsible for reading his policy, and he is presumed to know its provisions.  *Motors Ins. Co. v. Bud's Boat Rental*, 917 F. 2d 199, 205 (5th Cir. 1990); *Stephens v. Audobon Ins. Co.*, 665 So. 2d 683, 686 (La. Ct. App. 1996) (*citing Matthews v. Business Men's Assur. Co. of America,* 478 So. 2d 634, 637 (La. Ct. App. 1985); *Perkins v. Shelter Ins. Co.,* 540 So. 2d 488 (La. Ct. App. 1989)).  The policy contained a flood exclusion, excluding all damage caused by flood, even if wind-driven, as well as a notice advising the Dobsons that flood protection was generally not available under a homeowner's policy and could be purchased through a separate policy.  (R. Doc. 16 at Ex. B, pp. 1, 24).  A prescriptive or peremptive period will begin to run when the injured party has constructive knowledge of the facts that would entitle him to bring a suit.  *Campo v. Correa*, 828 So. 2d 502, 510 (La. 2002) (prescriptive period commences upon constructive knowledge); *Atlas Iron and Metal Co. v. Ashy*, 918 So. 2d 1205, 1210 (La. Ct. App. 2006) (one-year peremptive period for legal malpractice claim begins at the time constructive knowledge is obtained).  Information or knowledge that ought to excite attention and put the alleged victim on guard is sufficient to start the running of prescription.  *Campo*, 828 So. 2d at 510.  Knowledge of policy terms that directly

3

contradict a statement by the agent who sold the policy is sufficient to excite attention and put the insured on guard.

Thus, the Court found in *Dobson* that even if Ruiz negligently misrepresented the terms of plaintiffs' coverage to them in October 2004, they knew or should have known of his wrongful conduct as of that time, as they had a copy of their policy in hand.  Because plaintiffs did not file suit against Ruiz until December 21, 2005, which was more than one year from the date on which the alleged negligence should have been discovered, the Court concluded that their claims against Ruiz are perempted under La. Rev. Stat. § 9:5606 (a claim against an insurance agent must be brought within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered).  *See Dobson*, 2006 WL 2078423, at *9.

As a result, plaintiffs cannot establish a cause of action under Louisiana law against Ruiz through either the allegations contained in their state court petition or their post-removal amended complaint.  Because plaintiffs are unable to prevail as a matter of law, dismissal is appropriate as to their claims against Ruiz.  Thus, the Court GRANTS defendants' motion.

New Orleans, Louisiana, this <u>19th</u> day of March, 2007.

_____*Sarah Vance*_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE